**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

FREDERICK A. MOHAMMED,
ADC #97575                                                                                          PLAINTIFF

v.                                        2:11-cv-00190-JMM-JTK

CODY, et al.                                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Mohammed is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action, alleging a violation of due process with respect to a disciplinary conviction he received on March 18, 2011 at the Unit. Plaintiff has now submitted a copy of the disciplinary violation and hearing forms, as requested by the Court on November 9, 2011. Plaintiff asks for damages from Defendants and that he be transferred to general population.

### II.   Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III. Facts and Analysis

In his Complaint, Plaintiff states that he was charged with a disciplinary violation on March 16, 2011, and was convicted of three charges at a hearing on March 18, 2011. Plaintiff claims he requested a handwriting analysis prior to the hearing from Defendant Cody, and also mentioned this request to Defendant Ester at the hearing. His request was denied and Plaintiff was convicted based on the charging officer's statement and sentenced to fifteen days in punitive, plus a reduction in class. (Doc. No. 5.) Plaintiff's conviction was affirmed on appeal to Defendants Burl, Naylor, and Hobbs. Plaintiff claims the denial of the handwriting analysis, to prove he did not write the letter which formed the basis of the disciplinary charges, violated his due process rights.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.Mo. 1993). The due process requirements for disciplinary proceedings as set forth in Wolff

v. McDonnell , 418 U.S. 539, 563-73 (1974), include: twenty-four hours written notice to the prisoner of the charges against him; the right to appear in person before the hearing body; the right to call witnesses and present documentary evidence, and a written statement of the reasons for the disciplinary action taken. In this particular case, according to the record of the disciplinary violation charges as provided to the Court by the Plaintiff, Plaintiff received notice of the charges on March 16, 2011, and the hearing was conducted on March 18, 2011. (Doc. No. 5.) At that time, Plaintiff was provided the opportunity to present a statement, after which time, the hearing officer accepted the staff statement as evidence against Plaintiff. Id. Plaintiff does not claim that Defendants denied a request for other witness statements. A written statement of the reasons for the decision was included with the violation/hearing action report. (Doc. No. 5.) Therefore, Plaintiff's due process rights were not violated during the hearing. Furthermore, an inmates' due process rights are not violated if some evidence supports the decision of the disciplinary board. See Superintendent v. Hill, 472 U.S. 445, 455 (1985).

A similar argument was made by an inmate convicted of disciplinary charges in Bennett v. Jackson, No. 2:06cv00019-WRW, 2006 WL 618124 (E.D.Ark. 2006). In that case, the plaintiff complained that his request for a handwriting analysis at a disciplinary hearing denied him due process. The court noted the inmate was provided with the Wolff procedural due process requirements and held that the failure to submit the document in question for handwriting analysis did not violate Wolff. Id. at p. 3. The court stated, "A court has no duty to independently assess the witnesses' credibility or otherwise weigh the evidence , but it must determine that there was some evidence or basis in fact to support the finding of guilt." Id. A charging officer's statement is considered to be "some evidence" to support a finding of guilt. See Hartsfield v. Nichols, 511 F.3d

826, 831 (8th Cir. 2008) (where the court held that the correctional officer's report, even if disputed by the inmate and supported by no other evidence, constitutes "some evidence" upon which to base the disciplinary decision). See also Aaron v. Norris, No. 5:09-cv-00158-JMM-JJV, 2009 WL 4884219 (E.D.Ark. 2009).

Therefore, the Court finds that Plaintiff's Complaint fails to state a claim for denial of due process in his disciplinary hearing, and that it should therefore be dismissed.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiffs' Complaint against Defendants be DISMISSED for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 5th day of December, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE